Risen Energy Co., Ltd. v. United States Do you agree with that, by the way, that 2.12 says overhead is included in inventory? I don't see that directly, Your Honor, but it says manufacturing overheads... manufacturing overheads based on normal operating capacity. It's stating that overhead as well as ML&E is included in the inventory number. Perhaps the distinction, Your Honor, is this is manufacturing overheads, so this is a subset of overheads, which Commerce determined means... You're saying this is... what are you talking about? The reference on Appendix 6666... and Commerce determined that manufacturing overheads means energy. In its expertise, that's what it determined it meant, energy. Where does it say that? I would point Your Honors to Appendix 7131 and 7132, which is Commerce's analysis on this issue. Okay, where does it say that manufacturing overhead is limited to energy? We could go to 7165, Appendix. Thank you for your patience. And on Appendix 7165 under Comment 3, Commerce explains that it's relying on the financial statements to calculate the financial ratios and it is determining that labor and energy are included in the inventories. Where does it say that the reference to overhead is a reference to energy? I don't see that. Is it at the end of that paragraph? It starts to correct, Your Honor. We believed the proportion of manufacturing overheads, that's Your Honor's reference to overhead, based on normal operating capacity to be a reference largely to energy costs. Okay, what's the basis for that? In other words, you're not able to point to any support for that statement? But manufacturing overhead is a fairly common term. You would think that if manufacturing overhead generally was limited to energy costs, there would be some support for that. That wouldn't be my understanding of what manufacturing overhead is, but I'm not an expert in it. But I would have thought that if Commerce had some support for that, it would say so. I don't see the support for that notion. I think, Your Honor, on Appendix 7165, there's two full paragraphs explaining and providing analysis and support for why material labor and energy encompasses the inventory category. And because Commerce determined, and again, this is not only consistent with Note 1.21, but it's also consistent with the international standards that the plaintiff-appellant agrees are relevant. Thank you, Your Honor. It's also consistent with the international standards that the plaintiff- But there's nothing in the international standards about manufacturing overhead being limited to energy, is there? Not limited, but that inventory encompasses material labor and energy. Well, of course it does encompass that, but that doesn't mean that manufacturing overhead is limited to that. Sure, Your Honor, and financial statements can be interpreted differently, and in fact, they're written differently. Commerce's job here is to make a reasoned determination as to where to put this unallocated amount. And the fact that it is unallocated on the financial statement means Commerce has to make a decision. It is reasonable to include it in the overhead because overhead are indirect costs. And as Commerce explained, all the direct costs were directly accounted for in specific lines. So because they were directly accounted for in specific line items, it's reasonable that the unallocated cost would be indirect costs. Just because the plaintiff-appellant has a different interpretation and wants to put it in overhead as opposed to- It seems to me that Commerce is putting it in overhead because that increases the dumping margin, rather than because there's any support for that notion in the financial statements. Well, I would again just point, Your Honor, to Appendix 7165, where Commerce explains this. And this isn't a situation where there is a black-and-white answer. This is an unallocated amount of funds on a financial statement. There is no answer. Commerce has to do the best- How often does this happen, that there's an unallocated amount of funds on a financial statement? I believe it's common, Your Honor, during these calculations. I've seen it in my practice. And so Commerce's job is to make a reasoned analysis based on the substantial evidence. And in this case, the Court of International Trade found that it was supported. And on appeal, the only argument here is that the plaintiff-appellant wishes it went to a different bucket, but cannot- No, that's not the only argument. The argument is that this Note 2.12 says that manufacturing overhead is already included in inventory. And that Commerce, in reaching an opposite conclusion and adding additional overhead to the inventory number, is not consistent with the note. That's their argument. I don't believe the plaintiff-appellant is really arguing that it's not consistent with the note. The plaintiff-appellant has argued that it's not consistent with past practice. And the rebuttal to that is that every financial statement is different. So Commerce, in every individual review, in every case, has to analyze each individual financial statement. Most, the plaintiff-appellant has argued, is that this is different than past practice, and therefore unreasonable. The argument that Your Honor has articulated based on the manufacturing overhead in the note is not the argument that's on appeal here. You made that explicit argument a couple minutes ago. You weren't listening? I'm referencing the briefing, Your Honor. Perhaps it's a new argument made on appeal. But their argument in the briefing is that the IFRS shouldn't be looked at, and that in past cases, in other cases, Commerce interpreted financial statements differently. And our retort to that is, every financial statement has to be interpreted based on its own. And so reference to other times where Commerce may have allocated this differently isn't supportive for why it should allocate differently in this case. They've also argued that, under Commerce's view, overhead ends up being too high and depreciation too low. What's your response to that? They argue that, Your Honor. There's no argument that Commerce's calculation was contrary to law, that there was any mistake, that there was no citation to the record. On a substantial evidence review, the plaintiff-appellant's job here is to show that it wasn't reasonable, Commerce's determination, or it's not supported by substantial evidence. But the plaintiff-appellant doesn't engage with Commerce's analysis of that at all. If a result is unusual or unreasonable, doesn't that provide some kind of evidence that could be relied on, either in support of a factual determination or to detract from it? Sure, Your Honor. And at the trial level, Risen did argue, well, there are these other financial statements, and they have way different ratios than here. And Commerce responded to that and said, those other financial statements didn't break out to the cost categories like they did here. And so, so long as Commerce addresses that argument, then Commerce can reach a determination that's still supported by substantial evidence, even if, when analyzing a different financial statement, like in those other cases, the ratios ended up different. And here, because Commerce explained why it treated the unallocated amount as overhead... No, it didn't really explain that at all. It didn't explain why manufacturing overhead is largely limited to energy, what the basis for that is. It didn't say, it didn't tell us why that is true. Your Honor, the most I can say is that in Appendix 7165 and 7166, there's a lengthy discussion of the surrogate financial ratio calculation... But not of this issue. There's no statement in there. I mean, I'm happy if you can show me one, but I don't see any statement in there that supports the notion that manufacturing overhead in that note is largely limited to energy costs or that that's the usual practice. Well, Your Honor, Commerce doesn't say it's largely limited to energy, but it does say on Appendix 7165 that inventory includes material, labor, and what it interprets to be energy. So it does find that inventory includes ML and E. Yes, there's no question about that, but there's also no question that it seems to include overhead. Well, Your Honor's point here is that because it references manufacturing overhead, inventory encompasses overhead. But Commerce interprets manufacturing overhead to be energy, not general all overhead. I understand, but I keep asking what's the basis for that, and I don't hear any response. I don't see anything in Commerce's decision explaining why that's so. The basis is the note, Your Honor, and the IFRS, which dictates that... But there's nothing in the accounting standards that says manufacturing overhead is largely energy. Not largely energy, Your Honor, material, labor, and energy. In other words, inventory can encompass energy. Well, there's no question about that. The question is whether it includes only that and not other overhead items. Even, Your Honor, even if it included other overhead items, Commerce's ultimate determination is what is this unallocated sum, where does it go? And it determines that to put it in an indirect cost, an overhead, that's reasonable because it wouldn't make sense for it to be energy because it's such a small amount that it could never be the energy bucket, right? And so if that were energy, like Rison is saying, it would be too small to be energy. So the only place Commerce could reasonably discern where this could be placed, because it's unallocated, is overhead as an indirect cost. Okay. I think we're out of time. Thank you. Thank you. Ms. Salzman? Thank you, Your Honors. Just a couple quick notes. One, we absolutely did raise the fact that point that note seven included overhead costs, and that's one of the reasons why it cannot be overhead remaining. We raised that at page 25 of our opening brief. We also raised it in our rebuttal brief, reply brief. So that is not a new thing at oral argument. That was raised before this court. I also want to note this discussion over manufacturing overhead versus energy. These are different things. That's very clear in all the financial ratio calculations where Commerce is putting a column in for energy and a column in for manufacturing costs. Starting at page 7349 of the appendix, we put in several examples of other financial ratio calculations where Commerce is clearly putting energy in a different category than manufacturing overhead. It also shows many examples of what is usually in manufacturing overhead. It's not electricity. It's not energy. It's depreciation. It's some rental costs. Again, all the overhead costs we're talking about are all manufacturing costs, because non-manufacturing overhead would be not in the cost of goods sold at all. They're in one of the other notes. We're only talking about manufacturing overhead when we talk about overhead here. It's not energy, and that's not supported on the record that those are the same thing. We just ultimately submit all of this confusion over what is inventory, what does this note mean, all goes to the point, our main overarching point here, that this note does not clearly bifurcate these things. We have this cost of goods sold remaining, and this note doesn't help that. If you look at our financial ratio calculations, we followed what Commerce did in the prelim. They followed this and what they did in other past cases where they didn't use this type of note at all. What's your support for the statement that non-manufacturing overhead isn't included in cost of goods sold? Where could I see that? I guess that speaks to Commerce's normal breakdown here of cost of sales. Where could I see that in the record? I'm just going to point out any of the financial ratio examples. I happen to have 7350 open. That's one example, but if you look at any of the financial ratio calculations, cost of sales is manufacturing only costs, and then admin costs and other distribution costs are separated. We're only dealing with manufacturing under cost of goods sold. Just to conclude that all of this confusion is only supporting the fact that this note is not helpful, and our financial ratio calculations following past practice doesn't rely on an inventory note. It only deducts from cost of goods sold things that are clearly otherwise categorized. What does the record show about what manufacturing overhead includes normally or here in the statement? Is there something in the record about that? I'm afraid a straight-up definition didn't really come up in briefing, so I don't have that. The pages I was just talking about, starting at 7350, are several examples of financial ratio calculations where you can see what Commerce has put in the overhead category in numerous other cases. Since we don't have the actual definition on, that's the best I can offer on the record, some explanations of what is put in the overhead. Thank you.